IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHAZ PINKSTON**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 5:22-cv-17-KS-MTP**

**JEANNETTE POINTE and**
**PREMIER SUPPLY LINK, LLC**   **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant Jeannette Pointe's Motion for Summary Judgment [19] and Defendant Premier Supply Link, LLC's Motion for Summary Judgment [26]. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motions [19] [26] be granted and that this action be dismissed.

On August 13, 2020, Plaintiff, a post-conviction inmate proceeding *pro se* and *in forma pauperis*, filed his Complaint pursuant to 42 U.S.C. § 1983 in Civil Action No. 5:20-cv-167-KS-MTP. On March 11, 2022, the Court conducted an omnibus hearing, and on March 22, 2022, the Court severed Plaintiff's claims into five separate civil actions, including this action—Civil Action No. 5:22-cv-17-KS-MTP. *See* Omnibus Order [1].

Plaintiff's claims in this action arise from his incarceration at Wilkinson County Correctional Facility ("WCCF").[1] In his complaint and as clarified in his testimony at the *Spears*[2] hearing, Plaintiff alleges that Defendant Jeannette Pointe, who supervised the inmates' commissary accounts, wrongfully added a three to nine cent tax on his commissary purchases.

---

[1] Plaintiff is currently incarcerated at East Mississippi Correctional Facility.

[2] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. Appx. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

Plaintiff also alleges that Pointe restricted the purchases inmates could make at WCCF. Plaintiff alleges that Premier Supply Link, LLC ("Premier") is the commissary and inmate banking contractor and allowed Pointe to add taxes and restrict purchases. According to Plaintiff, this caused inmates at WCCF to be treated differently than those at other correctional facilities.

On May 17, 2022, Pointe filed her Motion for Summary Judgment [19], arguing that Plaintiff failed to properly exhaust his available administrative remedies concerning his claim that she wrongfully added a tax on his commissary purchases and that Plaintiff cannot establish a constitutional violation against her for allegedly restricting his commissary purchases. On June 23, 2022, Premier filed its Motion for Summary Judgment [26], arguing that Plaintiff failed to properly exhaust all of his claims and that Plaintiff failed to demonstrate that Pointe was an employee or agent of Premier or that Premier is otherwise responsible for Pointe's alleged actions. On October 18, 2022, Plaintiff filed his Responses [39] [40] [41] [42] [43] to Pointe's Motion for Summary Judgment [19], and on November 1, 2022, Plaintiff filed his Responses [47] [48] [49] [50] [51] [52] to Premier's Motion for Summary Judgment [26].

**STANDARD FOR SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the

action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

**ANALYSIS**

*Timeliness*

In his Responses, Plaintiff argues that Defendants' Motions for Summary Judgment [19] [26] are untimely because they were filed after the motions deadline of July 15, 2022. Plaintiff is mistaken. Pointe filed her Motion for Summary Judgment [19] on May 17, 2022, nearly two months before the motions deadline, and Premier filed its Motion for Summary Judgment [26]

on June 23, 2022, more than three weeks before the motions deadline.  Thus, the Motions [19] [26] are timely.

***Exhaustion of Wrongful-Tax Claim***

Defendants argue that Plaintiff failed to properly exhaust his available administrative remedies concerning his claim that Pointe wrongfully added a three to nine cent tax on his commissary purchases.  The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983.  "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272.  Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)).  A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Mississippi Code § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint relating to any aspect of his incarceration. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[3] at Ch. VIII.

The ARP is a two-step process. An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident. If, after screening, the grievance or request is accepted into the ARP, an official will issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII.

In support of their Motions for Summary Judgment, Defendants submitted an affidavit from Janice Williams, the ARP Coordinator at WCCF, along with Plaintiff's grievances relating to his commissary purchases. The record demonstrates that on April 6, 2020, Plaintiff submitted a grievance complaining about Pointe restricting his purchases and "adding in a small amount from every purchase." *See* [19-1] at 10-11. As relief, Plaintiff demanded $1,000,000.00. *Id*. at 11. On April 17, 2020, MDOC's statewide ARP Director, Richard Pennington, sent Plaintiff a notice that his grievance had been rejected because his request was "beyond the power of ARP to grant." *Id*. at 9. Pursuant to MDOC policy, Plaintiff had five days to resubmit a corrected

---

[3] *See* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (Last visited November 14, 2022).

grievance. *See* [19-2] at 4; [19-3] at 2.  According to Williams, "there is no record of Mr. Pinkston doing so within the time allowed." *See* [19-1] at 3.

Defendants argue that Plaintiff's claim should be dismissed because he failed to complete the ARP process and, thus, failed to exhaust his administrative remedies.  An inmate may not simply initiate the grievance process, but must complete the process. *Wright*, 260 F.3d at 358. "[A] prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88.  Additionally, an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise defective grievance or appeal. *Id*.  "Exhaustion is no longer left to the discretion of the district court, but it is mandatory." *Id*. at 85.

In his Responses, Plaintiff attacks the reason his grievance was rejected and the notice he was provided concerning the ARP.  Plaintiff asserts that he was not provided a MDOC Handbook, which states that a grievance may be rejected if the "relief sought is beyond the power of MDOC to grant." *See* [19-3] at 1.  Plaintiff asserts that he relied on MDOC Policy No. 20-08-01 and, thus, was not made aware that his grievance could be rejected for requesting relief beyond the power of ARP to grant.  However, MDOC Policy No. 20-08-01—which Plaintiff submitted to the Court and admits he relied upon—specifically states: "If a request is rejected, it must be for one of the following reasons, which will be noted on Form ARP-1: The relief sought is beyond the power of MDOC to grant . . . ."[4] *See* [19-2] at 3; [42-2] at 2.  "[C]ourts may *not*

---

[4] The rejection of Plaintiff's grievance did not satisfy the exhaustion requirement.  Where an inmate seeks relief which is unavailable through the ARP, "the PLRA nonetheless requires the inmate to exhaust 'available remedies, whatever they may be.'" *Lewis v. Doe, I*, 840 Fed. Appx. 784 (5th Cir. 2021) (quoting *Wright*, 260 F.3d at 358); *see also Woodford*, 548 U.S. at 85; *Booth v. Churner*, 532 U.S. 731, 734 (2002) (a prisoner must exhaust administrative remedies even where the relief sought cannot be granted by the administrative process).

6

deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015). The record demonstrates that Plaintiff had such an opportunity and did in fact apprise himself of the ARP procedures.

Plaintiff presents no credible evidence demonstrating that he fully exhausted his administrative remedies by completing the two-step ARP process.[5] Instead, Plaintiff simple states: "I have fully exhausted all my available administrative remedies concerning all of my claims." *See* [43-2] at 3. However, Plaintiff's conclusory assertion of exhaustion is insufficient to overcome summary judgment. *See Huff v. Neal*, 555 Fed. Appx. 289, 294 (5th Cir. 2014) (conclusory allegations of exhaustion, supported only by the plaintiff's conclusory affidavit, are insufficient to raise a genuine issue of material fact) (citing *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986)); *see also Antunez v. Mendez*, 2007 WL 9734691, at *8 (N.D. Tex. July 23, 2007) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment.").

Plaintiff also argues that summary judgment is improper because Defendants have not submitted affidavits denying his allegation that Pointe wrongfully added a tax on his commissary purchases. *See* [41] at 4. The merits of Plaintiff's claim notwithstanding, pre-filing exhaustion is mandatory, and district courts "have no discretion to excuse a prisoner's failure to properly

---

[5] Plaintiff argues that the discovery ordered in this action was inadequate. This argument is meritless. The Court ordered Defendants to produce to Plaintiff "any grievances and responses, and correspondence to or from Plaintiff, regarding Plaintiff's claims." *See* Order [1]. On April 22, 2022, Defendants filed Notices [12] [13] stating that they produced Plaintiff's administrative grievances and responses, and correspondence to and from Plaintiff, regarding his claims. Plaintiff has failed to demonstrate Defendants have withheld any of this information.

exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Because the grievance process was available to Plaintiff and he failed to complete the process, his claims against Defendants concerning a wrongful tax on his commissary purchases must be dismissed.

***Restrictions on Commissary Purchases***

Plaintiff alleges that Pointe—acting as an agent for Premier—restricted the commissary purchases he could make at WCCF. To the extent Plaintiff is asserting claims under the Due Process Clause, his claims fail. The liberty interests protected by the Due Process Clause "are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Commissary restrictions do not implicate due process concerns. *See Madison*, 104 F.3d at 768; *Lewis v. Dretke*, 54 Fed. Appx. 795 (5th Cir. 2002); *Spicer v. Collins*, 9 F.Supp.2d 673, 685 (E.D. Tex. 1998). Thus, any due process claims should be dismissed.

Turning to the Equal Protection Clause, Plaintiff asserts that by restricting commissary purchases, Defendants treat inmates at WCCF differently than inmates housed at other correctional facilities. Plaintiff also asserts that Defendants restricted the commissary purchases of inmates housed in the "maximum security" unit, but not inmates housed in general population. To state an equal protection claim, a plaintiff's allegations must satisfy two prongs: (1) that he received treatment different from that received by similarly situated individuals and (2) that the

unequal treatment stemmed from a discriminatory intent. *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

For his equal-protection claim, Plaintiff is comparing inmates at different correctional facilities and inmates of different custody classifications. These comparisons do not support an equal-protection claim. "[P]risoners at different facilities are not 'similarly situated' for equal protection purposes." *Rodriguez v. Wagner*, 2016 WL 6311279, at *3 (S.D. Miss. Aug. 26, 2016); *see also Patin v. LeBlanc*, 2012 WL 3109402, at *11 (E.D. La May 18, 2012). Additionally, "inmates with different housing classification are not similarly situated." *Scheanette v. Dretke*, 199 Fed. Appx. 336, 337 (5th Cir. 2006) (citing *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998)); *see also Ruiz v. LeBlanc*, 643 Fed. Appx. 358, 364 (5th Cir. 2016). Moreover, Plaintiff has not demonstrated that the unequal treatment he complains of "stemmed from a discriminatory intent." *Taylor*, 257 F.3d at 473.

## RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that:

1. The Motion for Summary Judgment [19] be GRANTED;

2. The Motion for Summary Judgment [26] be GRANTED;

3. Plaintiff's claims concerning a wrongful tax on his commissary purchases be DISMISSED without prejudice;

4. Plaintiff's claims concerning restrictions on his commissary purchase be DISMISSED with prejudice; and

5. A separate judgment in accordance with Federal Rule of Civil Procedure 58 be entered.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    This the 16th day of November, 2022.

                                                              s/ Michael T. Parker
                                                              United States Magistrate Judge