IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAZ PINKSTON                                                                                   PLAINTIFF

v.                                                         CIVIL ACTION NO. 5:22-cv-17-KS-MTP

JEANNETTE POINTE and
PREMIER SUPPLY LINK, LLC                                                                  DEFENDANTS

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
TO GRANT SUMMARY JUDGMENTS [19] AND [26] AND TO DISMISS CLAIMS
CONCERNING WRONGFUL TAX ON COMMISSARY PURCHASES WITHOUT
PREJUDICE AND TO DISMISS CLAIMS CONCERNING RESTRICTIONS ON
COMMISSARY PURCHAES WITH PREJUDICE.</u>

THIS CAUSE IS BEFORE THE COURT on Motion for Summary Judgment [19] filed by Defendant, Jeannette Pointe and Motion for Summary Judgment [26] filed by Defendant, Premier Supply Link, LLC. A Report and Recommendation [56] has been entered by Magistrate Judge Michael T. Parker, and Objections have been filed to same by Plaintiff, Chaz Pinkston [59]. The Court has considered the Report and Recommendation, the Objections thereto, the pleadings filed herein, and applicable law and does hereby find as follows.

I.  PROCEDURAL HISTORY

On August 13, 2020, Plaintiff, a post-conviction inmate proceeding *pro se* and *in forma pauperis*, filed his Complaint pursuant to 42 U.S.C. § 1983 in Civil Action No. 5:20-cv-167-KS-

MTP. On March 11, 2022, the Court conducted an omnibus hearing, and on March 22, 2022, the Court severed Plaintiff's claims into five separate civil actions, including this action—Civil Action No. 5:22-cv-17-KS-MTP. *See* Omnibus Order [1].

Plaintiff's claims in this action arise from his incarceration at Wilkinson County Correctional Facility ("WCCF").[1] In his complaint and as clarified in his testimony at the *Spears*[2] hearing, Plaintiff alleges that Defendant Jeannette Pointe, who supervised the inmates' commissary accounts, wrongfully added a three to nine cent tax on his commissary purchases. Plaintiff also alleges that Pointe restricted the purchases inmates could make at WCCF. Plaintiff alleges that Premier Supply Link, LLC ("Premier") is the commissary and inmate banking contractor and allowed Pointe to add taxes and restrict purchases. According to Plaintiff, this caused inmates at WCCF to be treated differently than those at other correctional facilities.

On May 17, 2022, Pointe filed her Motion for Summary Judgment [19], arguing that Plaintiff failed to properly exhaust his available administrative remedies concerning his claim that she wrongfully added a tax on his commissary purchases and that Plaintiff cannot establish a constitutional violation against her for allegedly restricting his commissary purchases. On June 23, 2022, Premier filed its Motion for Summary Judgment [26], arguing that Plaintiff failed to properly exhaust all of his claims and that Plaintiff failed to demonstrate that Pointe was an employee or agent of Premier or that Premier is otherwise responsible for Pointe's alleged actions. On October 18, 2022, Plaintiff filed his Responses [39] [40] [41] [42] [43] to Pointe's

---

[1] Plaintiff is currently incarcerated at East Mississippi Correctional Facility.

[2] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. Appx. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

Motion for Summary Judgment [19], and on November 1, 2022, Plaintiff filed his Responses [47] [48] [49] [50] [51] [52] to Premier's Motion for Summary Judgment [26].

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks

omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### IV..  PETITIONER'S OBJECTIONS AND ANALYSIS

As stated above, the Complaint against Defendant Pointe alleges that she charged Plaintiff non-authorized taxes on his purchases from the commissary and that she restricted what

he was allowed to purchase from the commissary. The Complaint against Premier Supply Link alleges that Defendant Pointe was an agent for Premier Supply Link, LLC and pursuant to that agency Premier is liable for the actions of Pointe, and as a result thereof Plaintiff claims monetary damages in the amount of $1000,000.00. Both of the Summary Judgment Motions [19] and [26] ask that Summary Judgment be granted in Defendant's favor for the reason that the Plaintiff did not exhaust his available administrative remedies. There is also a due process claim relating to treating Plaintiff differently than other inmates in other institutions on the tax issue and the restricted commissary purchase issue.

It should be noted that Plaintiff also claims that the Summary Judgment Motions were filed out of time, but the record established to the contrary. Plaintiff filed a lengthy Objection to the Report and Recommendation based on conclusory statements, etc. but ignoring the reasons for Judge Parker's recommendation that the Summary Judgments be granted. The question for this Court to deicide on both Motions is whether or not Plaintiff has exhausted his administrative remedies on the tax claim and the due process claim.

**The Prison Litigation Reform Act's (PLRA) Exhaustion Requirement**

The Fifth Circuit takes a strict approach to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008). It is not sufficient for a prisoner to file a grievance but it must be carried through to its conclusion. Mississippi law allows the Department of Corrections to establish administrative remedy programs that are set forth in the Department of Corrections Handbook at Chapter VIII. Failure to exhaust is an affirmative defense and the burden of establishing same falls on Movants (Defendants) to establish this defense. Defendants proof was an Affidavit from Janice Williams, the ARP Coordinator at

WCCF, along with Plaintiff's grievances relating to his commissary purchases. This was accepted as sufficient proof that the administrative remedies were not exhausted putting the ball in Plaintiff's court to rebut same. Conclusory statements and other claims were made by Plaintiff but Judge Parker in his analysis found that the Plaintiff had not exhausted his administrative remedies which is necessary for him to proceed in Federal Court. The Objections do very little than make conclusory claims and are not sufficient to overcome the Affidavit submitted by Movants. Exhaustion is mandatory and if it is not accomplished the District Court is required to dismiss the Complaint. Judge Parker's finding was "Plaintiff presents no credible evidence demonstrating that he fully exhausted his administrative remedies by completing the two step ARP process [56, p.7.].

### Restrictions on Commissary Purchases

Plaintiff makes a due process claim based on the allegation that Defendant Pointe acting as agent for Premier restricted commissary purchases that could be made at WCCF. This does not involve a liberty interest and the circumstances of the inmates at WCCF differ from those in other institutions. Custody classifications also differ. The equal protection claim lacks merit.

### V.  CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Pinkston;s Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court

accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that both Motions for Summary Judgment [19] and [26] should be GRANTED. Further the Court accepts the claims concerning the wrongful tax on commissary purchases and finds that said claim should be DISMISSED WITHOUT PREJUDICE. Further the Court finds that the claims concerning commissary purchases be DISMISSED WITH PREJUDICE.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motions for Summary Judgment [19] and [26] are GRANTED. Plaintiff's claims concerning wrongful tax on his commissary purchases are hereby DISMISSED WITHOUT PREJUDICE. Plaintiff's claims concerning restrictions on his commissary purchases are DISMISSED WITH PREJUDICE. A separate Judgment in accordance with Federal Rules of Civil Procedure 58 will be entered accordingly.

SO ORDERED this the   11th   day of January, 2023.

                                              ____s/Keith Starrett_____
                                              UNITED STATES DISTRICT JDUGE